IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARIUS BLACKWELL, ) | |
| Reg. No. 65507-019, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO.: 2:19-CV-727-RAH-CSC |
| ) | [WO] |
| WARDEN WOODS, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Darius Blackwell ["Blackwell"]. At the time he filed the petition, Blackwell was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 110-month prison sentence imposed by the United States District Court for the District of Arizona for violating (1) 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), Conspiracy to Possess with Intent to Distribute Marijuana (a lessor included offense) (2) 18 U.S.C. § 2314, Interstate Transport of Stolen Property and (3) 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii) & (h), Conspiracy to Commit Money Laundering. Doc. 17-1 at 5. Blackwell argues in this petition that he was expelled improperly from the Residential Drug Abuse Program ("RDAP"). Blackwell seeks an order directing the Bureau of Prisons ("BOP") to overturn his expulsion from the RDAP program and reinstate him at the point

of his participation prior to his expulsion so he may graduate from the program and qualify for a reduction in his sentence under 18 U.S.C. § 3621(e). Doc. 1 at 6, 8 Doc. 2 at 1–3.

Respondent filed a response and supporting evidentiary materials in which he maintains the petition is due to be dismissed as moot because Blackwell was readmitted to the RDAP program and given a § 3621(e) early release date, the relief Blackwell requested. Doc. 17. Blackwell filed a reply claiming his petition was not moot because even though he had been readmitted to the RDAP program, he lost four months of potential early release from being expelled from the program and subsequently readmitted. Doc. 18. In response to Blackwell's reply, Respondent argues Blackwell failed to exhaust available administrative remedies through the BOP regarding his new claim of losing additional months of possible early release time. Doc. 24; Doc. 24-3 at 2–10. Respondent also argues the Petition is due to be denied because Blackwell is not entitled to RDAP participation or early release, the BOP did not act arbitrarily or capriciously in expelling him from the RDAP program, and, after being readmitted to the program, Blackwell did not get credit for his prior RDAP experience pursuant to BOP policy. Doc. 24. The undersigned granted Blackwell an opportunity to respond to Respondent's response, as supplemented. Doc. 25. Blackwell filed no further reply. Further, review of the BOP's website reflects Blackwell was released from custody during the pendency of this action.[1]

## II. DISCUSSION

### A. Jurisdiction & Venue

---

[1] Available at https://www.bop.gov/inmateloc/ (last visited March 23, 2022).

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Blackwell requests his expulsion from RDAP be expunged so he can graduate from the program in order to obtain a sentence reduction under 18 U.S.C. § 3621(e). Doc. 1 at 6, 8; Doc. 2 at 1–3.  Since Blackwell challenges the execution of his sentence, his claim is proper under 28 U.S.C. § 2241.  And "[j]urisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this Court as Blackwell was incarcerated in this district when he filed the Petition.  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), *Report and Recommendation adopted*, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding "[a] petition under § 2241 must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' [*U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).]").

**B.      Mootness**

To obtain relief in this habeas action, Blackwell must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam*) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before

4

it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Blackwell's ultimate objective in filing this action was to be readmitted to RDAP program and receive a sentence reduction under 18 U.S.C. § 3621(e). Blackwell has since been released from custody, however, and the Court cannot give him meaningful habeas relief on his claim nor is there any allegation Blackwell would be subject to any future adverse consequences related to his claim for relief. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Because there is no longer a case or controversy to litigate, Blackwell's request for habeas relief is moot and the petition is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding that challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Darius Blackwell be DISMISSED with prejudice as moot.

It is ORDERED that **by April 18, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 4th day of April 2022.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE